NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SWEETWATER HOSPITAL
ASSOCIATION,
Respondent.

No. 77–1314.

United States Court of Appeals,
Sixth Circuit.

Argued June 12, 1979.

Decided Aug. 30, 1979.

Rehearing and Rehearing En Banc
Denied Oct. 10, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Michael Winer, Alan Banov, Washington, D. C., for petitioner.

William P. Hutcheson, Ronald G. Ingham, Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for respondent.

Before CELEBREZZE, LIVELY and MERRITT, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is yet another case arising under the 1974 amendments to the National Labor Relations Act extending the Act's coverage to non-profit hospitals. The principal issue is whether the NLRB properly weighed the Congressional admonition against undue proliferation of bargaining units in health care institutions in certifying the bargaining unit in question here. Finding no abuse of discretion, we grant the petition for enforcement.

## I.

In 1974 the Tennessee Licensed Practical Nurses Association, Sweetwater Unit ("TLPNA") filed a representation petition with the NLRB. It sought to represent "all full-time and regular part-time Licensed Practical Nurses ("LPN's") employed by [respondent Sweetwater Hospital Association] at its facility in Sweetwater, Tennessee." TLPNA sought to exclude from the bargaining unit "all other employees, professional employees, managerial employees, office clerical employees, guards, and supervisors." At a hearing before an NLRB hearing officer, TLPNA's representative expressly stated that the desired unit was LPN's only and that TLPNA did not want to proceed to an election if any other unit were found appropriate. Respondent took the position that the appropriate bargaining

unit was its entire non-professional, non-administrative work force.[1]

█ The case was transferred to the NLRB for decision. In a 3–2 decision, the NLRB found the following bargaining unit appropriate:

> All technical employees, including licensed practical nurses, employed by the Employer at its facility in Sweetwater, Tennessee, excluding all other employees, professional employees, managerial employees, office clerical employees, guards, and supervisors as defined in the Act. 219 N.L.R.B. No. 142 (1975).

This unit was broader than the LPN-only unit requested by TLPNA but narrower than the non-professional unit sought by respondent. The NLRB relied upon its decisions in *Newington Children's Hospital*, 217 N.L.R.B. No. 134 (1975), and *Barnert Memorial Hospital*, 217 N.L.R.B. No. 132 (1975), that LPN's are properly classified as technical employees and that technical employees share a community of interest separate and distinct from that of service and maintenance employees.[2]

Member Kennedy dissented from the NLRB decision on the grounds that this unit of technical employees included only one non-LPN (a laboratory employee) and was effectively an LPN-only unit, which was contrary to the NLRB's policy against units of only LPN's. Member Penello dissented on the grounds that separate units for technical employees were inappropriate, especially in this case since the technical employee unit was effectively an LPN-only unit. The factual predicate of Kennedy's dissent and, to a lesser extent, Penello's dissent was removed, however, in a subsequent unit clarification proceeding in which it was shown that there was more than one non-LPN in the unit. Other technical employees included laboratory, x-ray, EKG and operating room technicians.

TLPNA won the NLRB-directed election by a 12–9 vote and was certified as the bargaining representative. Respondent refused to bargain, however, arguing that the unit was inappropriate. At a hearing on the unfair labor practice charge the Administrative Law Judge ("ALJ") ruled that the prior NLRB certification of the bargaining unit was binding upon him and he rejected respondent's challenge to it. The ALJ also found, however, that even after the NLRB certification TLPNA had requested that respondent bargain with it as representative of LPN's only. Because TLPNA had not requested to bargain on behalf of the certified unit of all technical employees, the ALJ ruled that respondent was not in violation of the Act for refusing to bargain with TLPNA.[3] Respondent was ordered to bargain with TLPNA upon proper request. The ALJ's decision and recommended order were adopted in full by the NLRB. 226 N.L.R.B. No. 51 (1976).

Subsequent to the ALJ's decision, TLPNA again requested to bargain with respondent and this time on behalf of the certified unit of all technical employees. Respondent again refused to bargain, contesting the appropriateness of the unit. The resultant unfair labor practice charge was transferred directly to the NLRB. In a 2–1 decision, the NLRB granted General Counsel's motion for summary judgment on the grounds that in the absence of newly discovered evidence respondent could not relitigate the matter determined adversely

---

1. Respondent also argued that TLPNA was not a "labor organization." *See* note 5, *infra*.

2. Technical employees are those who do not meet the Act's definition of professional employee (29 U.S.C. § 152(12)) but whose work involves independent judgment and requires specialized training.

3. The ALJ also found that respondent had committed other unfair labor practices by unilaterally altering working conditions in the bargaining unit and withholding a general wage increase from the bargaining unit. Respondent has stipulated that these actions were improper if TLPNA was properly certified as bargaining representative. Inasmuch as we find the unit appropriate and TLPNA properly certified, we hereby enforce the NLRB's order which required remedial action on account of these unfair labor practices.

to it in the prior representation proceeding.[4] 228 N.L.R.B. No. 171 (1977). Respondent was ordered to cease and desist from refusing to bargain with TLPNA and to post appropriate notices. Member Penello again dissented on the grounds that a unit of technical employees was inappropriate.

## II.

■ The principal issue raised by respondent is whether the NLRB abused its discretion in certifying the technical employees bargaining unit.[5] Initially respondent argues that the NLRB erred in certifying TLPNA as the representative of such unit because TLPNA expressly requested to represent only LPN's. Respondent contends that TLPNA did not demonstrate the required willingness to represent the unit as certified. Respondent relies upon NLRB decisions wherein the NLRB dismissed representation petitions filed by organizations which said they were unwilling to represent the unit ultimately found appropriate by the NLRB. *Kaiser Foundation Health Plan of Colorado*, 230 N.L.R.B. No. 62 (1977); *Embree Buses, Inc.*, 226 N.L.R.B. No. 116 (1976).

■ We find no merit to respondent's claim. While TLPNA clearly expressed at the outset of these proceedings that it wanted to represent only LPN's, after the ALJ's decision noted above it apparently realized that it would not obtain the LPN-only unit and it acquiesced in representing all technical employees. TLPNA can thus be considered hesitant, rather than unwilling, to represent the certified unit. It is admittedly unclear why the NLRB did not dismiss the representation petition here since, at the time that question was before the NLRB, TLPNA had expressly said it would represent only an LPN-only unit. This would have been more consistent with decisions such as *Kaiser* and *Embree*. But as the case stands before this court, TLPNA has now expressed a willingness to represent the technical employee unit. Thus, the only effect of denying enforcement on this basis would be to force TLPNA to file a new representation petition on behalf of the appropriate unit of all technical employees, which would then be approved by the NLRB and which would eventually put this case right back into its present posture. We decline to require such a fruitless exercise. Given the wide discretion entrusted to the NLRB in such matters, we cannot agree that the NLRB abused its discretion in certifying TLPNA as the bargaining representative.[6]

Respondent next argues that the NLRB ignored the Congressional admonition

---

**4.** *See NLRB v. Mr. Porto, Inc.*, 590 F.2d 637, 639–40 (6th Cir. 1978), on the propriety of the NLRB granting summary judgment under such circumstances and the effect that has upon the reviewing court.

**5.** The only other issue raised by respondent is whether TLPNA is a "labor organization," as that term is defined in § 2(5) of the Act, 29 U.S.C. § 152(5). While respondent has not urged the matter in its brief to this court, it argued below that TLPNA was not a "labor organization" because its by-laws did not include collecting bargaining as one of its functions. We reject this argument. "Labor organization" is broadly defined in the Act and requires only an "organization" that "exists for the purpose, in whole or in part, of dealing with employers concerning" specified matters. *See NLRB v. Cabot Carbon Co.*, 360 U.S. 203, 210–11, 79 S.Ct. 1015, 3 L.Ed.2d 1175 (1959). Indeed, the complete absence of by-laws or a formal structure is irrelevant. *NLRB v. Erie Marine, Inc.*, 465 F.2d 104, 107 (3d Cir. 1972); *Pacemaker Corp. v. NLRB*, 260 F.2d 880, 883 (7th Cir. 1958). To the extent respondent argues TLPNA was not a "labor organization" because of its unwillingness to represent the certified unit, we deal with that matter in the text, *infra*.

**6.** We see no danger in allowing the NLRB to certify a labor organization as bargaining representative of a bargaining unit which the organization initially said it did not want to represent. If, as here, the labor organization changes its decision and agrees to represent the unit, then the case can proceed just as if the organization had requested to represent that unit in the first place. If, on the other hand, the labor organization remains adamant and refuses to represent the unit, the employer cannot be held to be in violation of the Act for refusal to bargain since it would not be refusing an appropriate bargaining request. The latter reasoning was employed by the ALJ in this cause in finding that respondent had not violated the Act by refusing TLPNA's improper request to bargain on behalf of LPN's only.

against undue proliferation of bargaining units in the health care industry. This Congressional concern is found in the legislative history of the 1974 amendments to the Act and has been expressly recognized by this court. *Bay Medical Center, Inc. v. NLRB*, 588 F.2d 1174 (6th Cir. 1978). *See also NLRB v. Mercy Hospitals of Sacramento, Inc.*, 589 F.2d 968 (9th Cir. 1978), *cert. den.* 440 U.S. 910, 99 S.Ct. 1221, 59 L.Ed.2d 458 (1979); *NLRB v. West Suburban Hospital*, 570 F.2d 213 (7th Cir. 1978); *St. Vincent's Hospital v. NLRB*, 567 F.2d 588 (3d Cir. 1977); *Long Island College Hospital v. NLRB*, 566 F.2d 833 (2d Cir. 1977), *cert. den.* 435 U.S. 996, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978); *Memorial Hospital of Roxborough v. NLRB*, 545 F.2d 351 (3d Cir. 1976).

■ This policy, however, does not remove all NLRB discretion in certifying bargaining units and it does not mean that all non-professional hospital employees must be covered by a single unit. For example, in *Bay Medical Center* we held that, on the facts of that case, the NLRB acted within its discretion in certifying a unit of all technical employees except LPN's. We held that the NLRB was justified in making a considered exception to its general policy of including LPN's in a unit of all technical employees by weighing the policy against disrupting existing bargaining relationships more heavily than the policy against undue proliferation of bargaining units. Inasmuch as LPN's are included in the technical employee unit here and the unit is broader than that involved in *Bay Medical Center*, it follows *a fortiori* that we should not disapprove the NLRB's certification here. The NLRB adequately explained its reasons for adopting neither the unit urged by TLPNA nor that urged by respondent and it has not yet caused such fragmentation as to violate the Congressional

mandate against undue proliferation of bargaining units.[7]

The orders of the NLRB are enforced.

---

7. A different case would be presented, if at some time in the future, the NLRB certified more than one unit to cover respondent's other non-professional employees. Based upon NLRB precedent, it would be expected that these employees would all be covered by a single service and maintenance employees unit. *See William B. Backus Hospital*, 220 N.L.R.B. No. 107 (1975). This would yield only two bargaining units for all non-professional employees, which would not cause undue proliferation of units. If more than two units are certified for non-professional employees, we would have to make a close examination to determine whether such undue proliferation had occurred.