**WATONWAN MEMORIAL HOSPITAL, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 82–2160.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1983.

Decided July 11, 1983.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John P. Coyle, Atty., N.L.R.B., Washington, D.C., for respondent.

Felhaber, Larson, Fenlon & Vogt, P.A., James M. Dawson, Minneapolis, Minn., for petitioner.

Before HEANEY, Circuit Judge, and FLOYD R. GIBSON, and HENLEY, Senior Circuit Judges.

HEANEY, Circuit Judge.

Watonwan Memorial Hospital, Inc., petitions this Court to review the decision of the National Labor Relations Board finding that Watonwan violated section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) and (1), by refusing to bargain with the Minnesota Licensed Practical Nurses Association and Technical Employees Association of Minnesota (hereafter collectively referred to as the "Union"). The Board ordered Watonwan to cease and desist from this unfair labor practice, or from otherwise violating the employees' section 7 rights. It also ordered Watonwan to bargain with the Union upon request and to post appropriate notices. The Board has filed a cross-application for enforcement of its order.

In December, 1981, the Board certified the Union as the exclusive representative of a bargaining unit consisting of all technical employees, including licensed practical nurses, surgical technicians, and X-ray and laboratory technicians. Thereafter, Watonwan refused to bargain with the Union on the ground that it was not an appropriate bargaining unit.

The sole issue presented here is whether the Board erred in determining that the technical employees constitute an appropriate bargaining unit. Watonwan contends

that in making the unit determination in this case, the Board failed to comply with the requirements of the 1974 Amendments to the Act. If the Board did not err, the hospital concedes that it violated section 8(a)(5) and (1) of the Act by refusing to bargain with the Union.

In 1974, Congress amended the Act to extend its coverage to nonprofit hospitals which previously had been exempted by the Taft-Hartley Act. Pub.L. No. 93–360, § 1, 88 Stat. 395 (1974) (codified as amended at 29 U.S.C. § 152(2) (1976)). At the time of amendment, Congress expressed concern that patient care not be disrupted by a proliferation of collective bargaining units in health care institutions. Congress embodied this concern in a directive inserted in both the House and Senate reports accompanying the final version of the bill which became the 1974 Amendments which stated:

> Due consideration should be given by the Board to preventing proliferation of bargaining units in the health care industry. In this connection, the Committee notes with approval the recent Board decisions in *Four Seasons Nursing Center,* 208 NLRB No. 50, 85 LRRM 1093 (1974), and *Woodland Park Hospital,* 205 NLRB No. 144, 84 LRRM 1075 (1973), as well as the trend toward broader units enunciated in *Extendicare of West Virginia,* 203 NLRB No. 170, 83 LRRM 1242 (1973).[1]
> [ [1] By our reference to *Extendicare,* we do not necessarily approve all of the holdings of that decision.]

S.Rep. No. 93–766, 93d Cong., 2d Sess. (1974), and H.Rep. No. 93–1051, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News, 3946, 3950.

■ Watonwan contends that in light of this congressional directive, the only bargaining unit that the Board could have appropriately certified here was one consisting of technical, service and maintenance, and office clerical employees—or, in other words, all nonsupervisory, nonprofessional hospital employees. In support of this position, Watonwan first contends that the 1974 Amendments precluded the Board from ap-

plying its traditional "community of interest" test to resolve the bargaining unit question presented here. The hospital urges this Court to adopt the "disparity of interests" test which the Ninth and Tenth Circuits have applied in cases involving health care institutions and the 1974 Amendments. *See NLRB v. HMO International,* 678 F.2d 806, 812 & n. 17 (9th Cir. 1982); *Presbyterian/St. Luke's Medical Center v. NLRB,* 653 F.2d 450, 457–458 & n. 6 (10th Cir.1981). We cannot agree with this view. This test, in essence, always requires the Board to select the largest appropriate bargaining unit. Neither the language nor the legislative history of the 1974 Amendments require such a result. Absent clear congressional action directing elimination of the long-standing principle that the Board need only certify "*an* appropriate" bargaining unit, rather than "*the* most appropriate" one, we decline to adopt the disparity of interests test.

■ We, however, do agree with Watonwan that the 1974 Amendments require the Board to consider the congressional directive to avoid unit proliferation in each case involving health care institutions. *See NLRB v. HMO International, supra,* 678 F.2d at 808; *Mary Thompson Hospital, Inc. v. NLRB,* 621 F.2d 858, 862–864 (7th Cir. 1980). Thus, in resolving bargaining unit questions in the context of health care institutions, the Board may utilize its community of interest approach, but it must also give express consideration to the 1974 congressional directive concerning unit proliferation. *See NLRB v. Res-Care, Inc. d/b/a Hillview Health Care Center,* 705 F.2d 1461, 1468–1471 (7th Cir.1983); *Mary Thompson Hospital, Inc. v. NLRB, supra,* 621 F.2d at 862–864.

We turn then to the question of whether the Board improperly applied the foregoing community of interest test in this case. We believe that the Board committed no error.

There is substantial evidence on the record as a whole to support the Board's finding that the technical employees share a close and substantial community of interest among themselves which is separate and distinct from that of other employees. The

training required for Watonwan's technical employees typically exceeds that required of its other nontechnical, nonprofessional employees. Moreover, the salary scales among technical employees are similar and considerably higher than those paid to nontechnical employees. Finally, the job duties of technical employees, in contrast to the principal responsibilities of employees excluded from the unit, generally involve direct contact with patients.

■ In addition, the Board adequately considered Congress's 1974 directive concerning unit proliferation. The Board's decision cited its previous opinions in *Barnert Memorial Hospital Center,* 217 NLRB 775, 89 LRRM 1083 (1975), and *Newington Children's Hospital,* 217 NLRB 793, 89 LRRM 1108 (1975), in which the Board articulated its reasons for concluding that creation of a technical employees unit generally does not lead to the undue proliferation Congress sought to avoid in the 1974 Amendments. When Congress has directed the Board to consider certain factors in resolving issues before it, the Board may express its consideration of those factors and articulate the basis of its order by reference to other similar decisions. *See NLRB v. Metropolitan Life Insurance Co.,* 380 U.S. 438, 443 n. 6, 85 S.Ct. 1061, 1064 n. 6, 13 L.Ed.2d 951 (1965); *Vicksburg Hospital, Inc. v. NLRB,* 653 F.2d 1070, 1073–1074 (5th Cir.1981). Moreover, although the position adopted by the Board with respect to technical employees in its *Barnert* and *Newington* decisions may not be applicable in all cases, the record here contains no evidence demonstrating that the Board's certification of the Union will contribute to an undue proliferation of bargaining units. Indeed, the record shows that no bargaining units other than the technical employees exist at this time.

■ Finally, Watonwan apparently argues that because it is a small hospital with a small number of nonsupervisory employees,[1] any bargaining unit consisting of less than all of the hospital's nonsupervisory,

nonprofessional employees is inappropriate under the 1974 Amendments—regardless of what bargaining unit test is used. We again cannot agree.

Watonwan has not cited any authority indicating that the Board must certify a bargaining unit consisting of all of a health care institution's nonprofessional employees in circumstances such as those present here. Indeed, there is ample precedent for the Board's decision to certify a bargaining unit consisting only of technical employees. In *Extendicare of West Virginia, Inc.,* 203 NLRB 50, 83 LRRM 1242 (1973)—one of the cases cited with approval by Congress in its 1974 directive—the Board certified a unit of technical employees that was narrower than the unit involved here because it excluded licensed practical nurses. Subsequently, as noted above, in *Barnert Memorial Hospital Center, supra,* 217 NLRB at 775, and *Newington Children's Hospital, supra,* 217 NLRB at 793, the Board discussed Congress's 1974 directive, and then concluded that technical employees units generally would be appropriate under the 1974 Amendments. Finally, two recent Circuit Court decisions have enforced Board orders certifying technical employees bargaining units. *NLRB v. Res-Care, Inc. d/b/a Hillview Health Care Center, supra,* 705 F.2d at 1470–1471; *NLRB v. Sweetwater Hospital Association,* 604 F.2d 454, 458 & n. 7 (6th Cir.1979).

Accordingly, we hold that the Board's finding that Watonwan violated section 8(a)(5) and (1) of the Act is warranted by the record and has a reasonable basis in law. Its order, therefore, is enforced.

1. Watonwan is a thirty-one bed hospital employing approximately fifty nonsupervisory employees. It is located in St. James, Minnesota, a town of about 4,700 people.