Kathleen **CORELL**, Plaintiff,

v.

**TEAMSTERS UNION LOCAL NO. 828 and Ronald M. Wheeler, Defendants.**

**No. C 96–3040–MWB.**

United States District Court, N.D. Iowa, Central Division.

Aug. 15, 1996.

Charles E. Gribble, Whitfield & Eddy, Des Moines, Iowa (Susan R. Stockdale, Roehrick, Hulting, Blumberg & Kirlin, P.C., Des Moines, Iowa, of counsel), for plaintiff.

MacDonald Smith, Smith, McElwain & Wengert, Sioux City, Iowa, of counsel, for defendants.

## ORDER REGARDING PLAINTIFF'S MOTION TO REMAND

BENNETT, District Judge.

This matter comes before the court pursuant to plaintiff's motion to remand. On March 22, 1996, plaintiff Kathleen Corell filed suit against her employer, defendant Teamsters Union Local No. 828 ("Local 828"), and defendant Ronald Wheeler, an agent of Local 828, in the Iowa District Court for Cerro Gordo County. Corell was the office secretary for Local 828 from July 23, 1973 until January 3, 1995. Throughout her tenure as office secretary, the terms and conditions of Corell's employment were controlled by a contract between Local 828 and Office Employees of Teamsters Local No.

828 ("Office Employees"). On February 21, 1991, Local 828 and Office Employees entered into a new contract, which set forth, *inter alia*, a seniority system and the conditions under which an office employee could be discharged or suspended. Corell was the sole office employee for Local 828 at the time she signed the new contract with Local 828, and she continued to work as an office secretary until April of 1991 when she was hired as a business agent for Local 828.

In her petition, Corell claims that at the time she began working as Local 828's business agent, the Executive Board of Local 828 granted her a leave of absence from her position as office secretary with the understanding that she would have the right to return to that position in the future. She assumed the duties of Secretary–Treasurer of Local 828 on July 31, 1991, after another employee retired from that position. In October of 1991, Corell was elected to a three-year term as Secretary–Treasurer of Local 828, and in October of 1994, she lost her bid for re-election to defendant Ronald Wheeler. On January 3, 1995, Corell reported to work at Local 828 to resume her position as office secretary; however, when she returned to work, Wheeler informed her that he already had a secretary and refused to employ her. Corell contends that Local 828 and Ronald Wheeler breached the terms of an oral agreement and the written contract of February 21, 1991, by refusing to allow her to return to her position as office secretary of Local 828.[1]

On April 23, 1996, Local 828 and Wheeler ("defendants") filed a notice of removal pursuant to 28 U.S.C. § 1441(a) & (c). Defendants claim Corell has alleged that her employment was established pursuant to a collective bargaining agreement between Local 828 and Office Employees and that her termination constituted a breach of that agreement and an oral agreement amendment to that collective bargaining agreement. Because defendants allege that Corell's suit involves a contract between an employer, Local 828, and a labor organization, Office Employees, defendants contend that this court has original jurisdiction over

---

1. Corell also asserts a promissory estoppel claim against Local 828 and Wheeler.

Corell's lawsuit pursuant to 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337. On May 8, 1996, defendants filed an answer and a counterclaim, alleging Corell breached her fiduciary duties toward Local 828 while she was an officer of that organization.[2]

Corell moved to remand her case to state court on June 24, 1996, filing a brief and affidavit in support of her motion. In her motion, Corell claims the defendants have mischaracterized her claims. While she acknowledges her claim involves a breach of an employment contract, Corell contends that the contract in dispute is a contract between Local 828 as an employer and herself as an individual, not a contract between an employer and a labor organization. The contract does state it is an agreement between Local 828 and Office Employees, and on the last page, the contract is signed by the President and Secretary–Treasurer for Local 828 and by Corell for the Office Employees. However, at the time the contract was negotiated and signed, Corell was the only office employee of Local 828.

Corell contends that there was and is no entity or organization entitled "Office Employees of Teamsters Local No. 828." Rather, that title was created by Local 828 and a previous office employee at the time that employee negotiated her employment contract with Local 828. When Corell was first hired by Local 828, she claims she agreed the contract negotiated by the previous employee would govern the terms of her employment with Local 828. Corell later renegotiated the terms of her employment with Local 828, and the new contract formed as a result of that negotiation is the contract in dispute. At the time the new contract was signed, Corell maintains that Local 828 suggested she sign the contract in the same manner as the previous office employee, signing her name under the designation: For the Employees. However, because she was the only office employee of Local 828 and because she did not join a union or labor organization which represented her in negotiations with Local 828, Corell contends that this contract is not

a contract between Local 828 and a labor organization. Thus, because this contract is a contract between her employer and herself as an individual and as the only "office employee" of Local 828, Corell argues this court does not have original jurisdiction over this case pursuant to 29 U.S.C. § 185 and should remand the case to state court.

On July 5, 1996, defendants resisted Corell's motion to remand, arguing that her petition and the employment contract at issue strongly imply that multiple employees were to be covered by the agreement. Defendants claim that through her motion to remand, Corell is attempting to informally amend her petition by submitting additional facts in support of her claim, stating now that the agreement defendants allegedly violated was between Local 828 and herself alone.

■ Before proceeding to a discussion of the propriety of defendants' removal and Corell's grounds for remand, the court will first examine the standards governing the removal and remand of cases. This court has considered the key principles involved in a determination of whether removal jurisdiction is proper twice recently. *See McCorkindale v. American Home Assurance Co./ A.I.C.,* 909 F.Supp. 646, 650 (N.D.Iowa 1995); *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Amoco Oil Co.,* 883 F.Supp. 403, 407–08 (N.D.Iowa 1995). Therefore, it is sufficient here to summarize those principles as follows: 1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; 2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; 3) lack of subject matter jurisdiction requires remand to the state court under the terms of § 1447(c); 4) the court's removal jurisdiction must be strictly construed; therefore, 5) the district court is required to resolve all doubts about federal

---

**2.** Defendants allege that during Corell's three-year term as Secretary–Treasurer of Local 828, she made overpayments of her employment benefits, made payments of unauthorized expense reimbursements, and failed to account adequately for the assets and financial transactions of Local 828.

jurisdiction in favor of remand; and, finally, 6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale,* 909 F.Supp. at 650; *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.,* 883 F.Supp. at 407–08. Having discussed those general principles, the court turns to the disposition of Corell's motion.

■ Defendants claim this court has original jurisdiction over Corell's lawsuit pursuant to 29 U.S.C. § 185. 29 U.S.C. § 185(a) provides that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Thus, in order for this court to have jurisdiction under 29 U.S.C. § 185(a), the contract in dispute must be either between an employer and a labor organization or between two labor organizations. Regardless of whether Local 828 is perceived as an employer or a labor organization, the other party to the contract must be a labor organization for the court to have jurisdiction under 29 U.S.C. § 185(a). Therefore, the threshold question to determining whether this court has jurisdiction over this lawsuit is whether Corell negotiated and signed her contract on behalf of herself as an individual employee or on behalf of a labor organization.

The term "labor organization" is defined in 29 U.S.C. § 152(5) as follows:

> [A]ny organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C. § 152(5). Under this definition, for Office Employees to be considered a "labor organization," it must be an organization in which *employees* participate. *See* 29 U.S.C. § 152(5); *see also Bridgeport Fittings, Inc. v. National Labor Relations Bd.,* 877 F.2d 180, 189 (2d Cir.1989) (organization is clearly a labor organization in which employees participate where organization held meetings for employees and collected voluntary contributions); *National Labor Relations Bd. v. Omaha Bldg. & Constr. Trades Council,* 856 F.2d 47, 50 (8th Cir.1988) (trades council is an organization in which employee members participate through their delegates, satisfying the participation requirement under 29 U.S.C. § 152(5)). In *Schultz v. National Labor Relations Bd.,* 284 F.2d 254 (D.C.Cir.1960), the court discussed the legislative history of 29 U.S.C. § 152(5), opining that the decision of Congress to omit the word "individual" from the definition of "labor organization" indicated a clear intention to exclude the individual from this broad definition altogether. *Schultz,* 284 F.2d at 256. The court further stated that

> the phrase "in which employees participate" contemplates the group as a whole participating in the formulation of policy and procedures to be carried out in the organization, thus providing a democratic form of organization wherein the members have full voice and power to enforce their views.

*Id.* (concluding that an individual who was the single bargaining representative of employees in Waterford, New York warehouse of the Grand Union Company was not a "labor organization" as defined in 29 U.S.C. § 152(5)).

■ While other courts have held that a district court can exercise jurisdiction over an action brought under 29 U.S.C. § 185 even though it involves a contract with a labor organization representing less than two employees, *see Kidd v. Southwest Airlines, Co.,* 891 F.2d 540, 544–45 (5th Cir.1990) (citing *General Teamsters Union Local No. 174 v. Trick & Murray, Inc.,* 828 F.2d 1418, 1420 (9th Cir.1987)) and *General Teamsters Union Local No. 174 v. Trick & Murray, Inc.,* 828 F.2d 1418, 1420 (9th Cir.1987), there

must, at a minimum, be an organization or entity that is representing someone's interests. *East Chicago Rehabilitation Ctr., Inc. v. National Labor Relations Bd.,* 710 F.2d 397, 404 (7th Cir.1983) ("There is no requirement of formality—no requirement that the 'labor organization' be recognizable as a union—but there must be an organization, such as [an] employee committee....;" seventeen spontaneously striking workers did not have the "organization" necessary to constitute a "labor organization"), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Montefiore Hosp. & Medical Ctr. v. National Labor Relations Bd.,* 621 F.2d 510, 514 (2d Cir.1980) (two doctors did not constitute a "labor organization"); *National Labor Relations Bd. v. Long Beach Youth Ctr., Inc.,* 591 F.2d 1276, 1278 (9th Cir.1979) (seventeen employees did not constitute a "labor organization"); *Kapiolani Hosp. v. National Labor Relations Bd.,* 581 F.2d 230, 234 (9th Cir. 1978) (one unrepresented employee does not constitute a "labor organization"). Here, Corell was representing herself in the negotiation of her contract; she never joined a union or any organization which then represented her in negotiations with Local 828. To be considered a "labor organization," the organization must be one in which "employees participate." There were no other office employees besides Corell who could participate in a "labor organization" at the time that Corell negotiated her contract, even if such an organization existed. Corell was the only "office employee" of Local 828; thus, it is clear that she was not negotiating a contract as a representative of a "labor organization" in which other employees participated. Although the definition of "labor organization" in 29 U.S.C. § 152(5) should be interpreted broadly, *see Omaha Bldg. & Constr. Trades Council,* 856 F.2d at 50 (citing *National Labor Relations Bd. v. Cabot Carbon Co.,* 360 U.S. 203, 210–13 & n. 7, 79 S.Ct. 1015, 1020–22 & n. 7, 3 L.Ed.2d 1175 (1959)), even the most liberal interpretation of the term "labor organization" could not possibly include an entity known as "Office Employees of Local 828," but comprised of one person, the only office employee of Local 828 at the time the contract was negotiated. Furthermore, defendants bear the burden of establishing federal subject matter jurisdiction pursuant to 29 U.S.C. § 185(a), *see McCorkindale,* 909 F.Supp. at 650, and nowhere in the record have they refuted Corell's contention that there was and is no organization known as "Office Employees of Local 828." Therefore, the court finds that despite the fact that Corell signed her contract "for the employees," under these circumstances, "Office Employees" is not a "labor organization" in which employees participate under 29 U.S.C. § 152(5). Corell's contract with Local 828 was merely an employment contract between an employer and its only office employee, and Corell's claims involve solely state law claims.

Defendants argue Corell has recharacterized her lawsuit by submitting additional facts in support of her claim in her motion to remand, stating now that the agreement defendants allegedly violated was between Local 828 and herself alone. However, the court observes that in her petition, Corell stated she was the only office employee working for Local 828 at the time she negotiated and signed her new contract on February 21, 1991. Thus, looking at the petition as it existed at the time the notice of removal was filed, *see McCorkindale,* 909 F.Supp. at 650, Corell alleged that although her new contract stated the parties involved were "Local 828" and "Office Employees," she was the only office employee working for Local 828. The court does not view Corell's motion and her affidavit supplementing her motion as an attempt to recharacterize her lawsuit; rather, Corell merely explained the allegations she made in her petition. Because defendants have failed to show that Corell's suit is an action for violation of a contract between an employer and a "labor organization," the court finds the defendants have not met their burden of establishing federal subject matter jurisdiction under 29 U.S.C. § 185 in this case.[3] Thus, Corell's motion to remand to state court is granted.

**IT IS SO ORDERED.**

---

3. Defendants also asserted subject matter juris-      diction pursuant to 28 U.S.C. § 1337; however,

a district court's original jurisdiction under this code section is derived from an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." *See* 28 U.S.C. § 1337. *Because the court finds it does not have subject matter jurisdiction over Corell's lawsuit under Section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a), Corell's cause of action does not arise under an "Act of Congress regulating commerce...." Cf. Anderson v. United Paperworkers Int'l Union, AFL–CIO, 641 F.2d 574, 576 (8th Cir.1981) (Na*tional Labor Relations Act is an "Act of Congress regulating commerce"). Therefore, the court does not have subject matter jurisdiction under 28 U.S.C. § 1337.

*Lastly, defendants asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1331; however, as discussed above, Corell has asserted state law contract claims and a state law claim of promissory estoppel. Her petition fails to plead a federal question; thus, the court does not have subject matter jurisdiction under 28 U.S.C. § 1331 either.*