178 P.3d 709 (2008)
UMC PHYSICIANS' BARGAINING UNIT OF NEVADA SERVICE EMPLOYEES UNION, SEIU Local 1107, AFL-CIO, CLC, Appellant,
v.
NEVADA SERVICE EMPLOYEES UNION/SEIU LOCAL 1107, AFL-CIO; Vicky Hedderman, President of Nevada Service Employees Union/SEIU Local 1107, AFL-CIO; Jane McAlevey, Executive Director of Nevada Service Employees Union/SEIU Local 1107, AFL-CIO; Service Employees International Union AFL/CIO, CLC; and University Medical Center of Southern Nevada, A Political Subdivision of Clark County, State of Nevada, Respondents.
No. 47337.
Supreme Court of Nevada.
March 6, 2008.
*711 Esther C. Rodriguez, Las Vegas, for Appellant.
Kristina L. Hillman, Reno, for Respondents Nevada Service Employees Union, Hedderman, and McAlevey.
Jeffrey I. Pitegoff, North Las Vegas, for Respondent University Medical Center of Southern Nevada.
Before HARDESTY, PARRAGUIRRE and DOUGLAS, JJ.

OPINION
By the Court, HARDESTY, J.
In this appeal, we consider who may properly file a complaint with Nevada's Local Government Employee-Management Relations Board.
Appellant UMC Physicians' Bargaining Unit (PBU) maintains that it represents approximately 75 physicians who worked for respondent University Medical Center of Southern Nevada. PBU filed a complaint with the Board on behalf of those physicians. The Board dismissed PBU's complaint, however, finding that PBU lacked standing because it was not an employee organization recognized as the exclusive bargaining agent for the group of physicians it claimed to represent. The district court denied judicial review, and PBU has appealed.
Historically, the Board has allowed only those employee organizations that are recognized as exclusive bargaining agents to complain to it on behalf of the employees whom the organization represents. We conclude, however, that the Board's authority, and its corresponding duty, to hear matters is broader. Under Nevada statutes and administrative codes, the Board must hear a complaint from any "employee organization of any kind having as one of its purposes improvement of the terms and conditions of employment of local government employees,"[1] so long as the employee organization has a legally recognizable interest in the relief sought. Because, in this case, the Board dismissed PBU's complaint without determining whether PBU met these criteria, we reverse the district court's order denying PBU's petition for judicial review and remand this matter for the Board to determine whether PBU is a proper complainant as an "employee organization" with a legally recognizable interest in the relief sought.

FACTUAL AND PROCEDURAL BACKGROUND
PBU originated when the physicians whom it claims to represent were determined to have a sufficient community of interest to be recognized as a unit for collective bargaining purposes.[2] In 1999, the Medical Center recognized respondent Nevada Service Employees Union as the exclusive collective bargaining agent for PBU. According to PBU, it elected stewards who then worked with the Union to represent the physicians in negotiations with the Medical Center.
During the Union and Medical Center negotiations over a new collective bargaining agreement, it was disclosed that the Medical *712 Center intended to outsource certain physicians' jobs. When PBU asked the Union to address the outsourcing issue with the Medical Center, PBU alleges that the Union refused and then unilaterally disaffiliated itself from the physicians. PBU also alleges that after the Union withdrew its representation, the Medical Center refused to maintain the status quo and modified the physicians' wages, hours, and working conditions.
PBU then filed a complaint with the Board against the Union and the Medical Center. In its complaint, PBU alleged that the Union breached its duty to fairly represent its members by failing to arbitrate the physicians' grievances over the course of several years, refusing to address the outsourcing issue with the Medical Center, failing to fully negotiate a new collective bargaining agreement between the Medical Center and the physicians, and unilaterally disaffiliating itself from the bargaining unit. PBU also complained to the Board that the Medical Center violated the previously agreed-upon portion of the collective bargaining agreement after the Union's disaffiliation.
The Board found that PBU lacked standing to bring the complaint because PBU was not an employee organization with the right to be recognized as the physicians' exclusive bargaining agent. The Board therefore dismissed PBU's complaint with prejudice. PBU petitioned the district court for judicial review. The district court denied PBU's petition after concluding that the Board did not err in dismissing PBU's complaint for lack of standing. This appeal followed.

DISCUSSION
We review the district court's order denying PBU's petition for judicial review of the Board's administrative decision in the same manner as the district court:[3] "for clear error or abuse of discretion."[4] Although we give deference to an administrative body's conclusions of law when they are closely related to the facts, we independently review purely legal issues, including matters of statutory and regulatory interpretation.[5] Our review is limited to the record before the administrative body.[6]
Here, we conduct a de novo review because determining who may file a complaint for the Board's review is, initially, purely a legal question of statutory and regulatory interpretation. When reviewing statutes, we generally give a statute's plain, unambiguous language its ordinary meaning.[7] If a statute is capable of being reasonably understood to have more than one meaning, however, it is ambiguous.[8] When the statutory language is ambiguous or otherwise unclear, we will look beyond the statute's language to construe it according to that which reason and public policy indicate the Legislature intended.[9] Regulations are subject to these same rules of interpretation.[10] We will defer to an administrative body's interpretations of its governing statutes or regulations only if the interpretation is within the language of the statute.[11]
Two statutes and two administrative codes primarily provide the basis for our analysis: NRS 288.110, which governs complaints before the Board; NAC 288.030, which defines complainants; NRS 288.040, which defines employee organization; and NAC 288.200, which requires that a justiciable controversy be presented by the complainant.
NRS 288.110
NRS 288.110 governs complaints before the Board. NRS 288.110(2) provides that *713 "[t]he Board may hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any local government employer, local government employee or employee organization."[12] The language of NRS 288.110(2) could reasonably be interpreted in two ways: as granting the Board authority to hear complaints "by any local government employer, local government employee or employee organization"; or as granting authority to the Board to hear any complaint arising from a local government employer's, local government employee's, or employee organization's "interpretation of, or performance under, the provisions of [the Local Government Employee-Management Relations Act]."[13] Although this court has previously held that NRS 288.110(2) creates the Board's authority to hear complaints against employee organizations,[14] both meanings are reasonable. Therefore, NRS 288.110(2) is ambiguous, and we look to reason and public policy to determine the legislative intent of the statute.[15]
Reason demands that we adopt the first interpretation of NRS 288.110(2), limiting the Board to hearing complaints from local government employers, local government employees, or employee organizations, arising out of NRS Chapter 288's performance or interpretation. The Act governs only local government employers, local government employees, and employee organizations. Furthermore, when the Legislature enacted the Act and considered the purpose of the Board, the contemplated complainants were local government employers, local government employees, and employee organizations.[16] Therefore, we hold that NRS 288.110 requires a party complaining to the Board to be a local government employer, local government employee, or employee organization.
NAC 288.030
This interpretation is further supported by the Board's governing administrative code. The Board has adopted administrative codes creating procedural rules for itself, as authorized by NRS 288.110(1)(a). One procedural rule, NAC 288.030, defines "complainants."[17] Under that rule, a "complainant" may be "[a]n employee organization defined in NRS 288.040." Thus, under its own rules, the Board must allow "employee organizations" to file complaints.
NRS 288.040
The statute referenced by the Board's procedural rule, NRS 288.040, defines "employee organization" as "an organization of any kind having as one of its purposes improvement of the terms and conditions of employment of local government employees."
"An organization of any kind" is very broad language; for guidance as to what constitutes "an organization of any kind," we turn to federal cases interpreting the definition of a similar concepta "labor organization."[18] A "labor organization," under federal *714 law, is "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."[19] The federal statute defining "labor organization" is analogous to NRS 288.040, in that both statutes allow any "organization" to qualify so long as it was formed for certain purposes. Although NRS 288.040 is less restrictive than the federal statute because it does not require employee participation, the cases interpreting the federal statute offer some guidance as to what constitutes "an organization of any kind."
In general, the federal courts require only that a "labor organization" be "an organization or entity that is representing someone's interests."[20] An organization need not have bylaws or formal structure,[21] but it must have some structure. For instance, a federal court has ruled that because a small group of employees who spontaneously walked out of work in protest to their employer's policy lacked structure and organization, they did not constitute an "organization," even though the group included a union steward.[22] Another federal court found that a single employee, even though she was the only employee of that type employed by her employer, was not considered an organization.[23] In light of these examples, we conclude that an "employee organization," as meant by NRS 288.040, is any association that has some internal organization and seeks to improve employees' working conditions.
In so concluding, we note that PBU argues that it is an employee organization because it was the recognized bargaining unit for the Medical Center physicians. A bargaining unit is not necessarily an employee organization, however. "Bargaining unit" is defined as "a group of . . . employees recognized by the . . . employer as having sufficient community of interest appropriate for representation by an employee organization for the purpose of collective bargaining."[24] Thus, a "bargaining unit" is a category of employees that an employee organization may seek to represent. Because a bargaining unit is a category of employees and not necessarily an organized group, PBU may not rest its claim that it is an employee organization on its argument that it is a bargaining unit.[25] To determine whether it is a proper complainant, the Board must determine whether PBU is an association, with some internal organization, seeking to improve working conditions for local government employees.
NAC 288.200
In light of this analysis, the Board's standing requirement that an employee organization must be recognized as the exclusive bargaining agent before it may be considered a proper complainant is too limiting. The Board's position, however, is not entirely without merit. Although a complaining employee organization need not necessarily be recognized as the exclusive bargaining agent for the bargaining unit to which the employees it seeks to represent belong, the complaint must nonetheless present a justiciable controversy, as set forth in NAC 288.200. The Board's standing requirement seems more appropriately analyzed in this "justiciable controversy" context.
For example, in Clark County Public Employees Ass'n, SEIU Local 1107 v. University Medical Center,[26] a Board decision relied *715 upon, here, when resolving PBU's complaint, a union's complaint was dismissed even though the union had been recognized as the exclusive bargaining agent for some bargaining units because it was not the exclusive bargaining agent for the bargaining unit to which the allegedly harmed employees belonged.[27] There, the Board concluded that "principles of exclusive representation" required a complainant to be the recognized exclusive bargaining agent for the bargaining unit of the employees aggrieved by the actions described in the complaint.[28]
To support that decision, the Board cited to decisions of local government employee management relations boards from California, Illinois, and New Jersey.[29] In those decisions, the states' boards considered and dismissed the complaints only after analyses revealed that the alleged actions had not injured the employee organizations or their members.[30] Because the boards considered more than the nature of the complainant in each case, their analyses are distinguishable from a mere determination that a party is not a proper complainant as discussed above. In those cases, the boards considered whether the complainant, even if all of the complaint's allegations were true, had a right to the relief requested. Those boards recognized that, like in Nevada,[31] the interests of employees whose bargaining units are exclusively represented by one employee organization cannot be simultaneously represented by another employee organization.
Similarly, the Board here may make such a consideration under NAC 288.200. As noted, the rule provides that a complaint must state "facts constituting the alleged practice sufficient to raise a justiciable controversy under [NRS Chapter 288]." Although no regulation defines "justiciable controversy," we have done so in another context: a "justiciable controversy" requires a ripe dispute between two interested and adverse parties, in which the moving party's interest is legally recognized.[32] Thus, determining whether a complainant has a legally recognizable interest in the requested relief is an appropriate standing requirement derived from the rules governing the Board and serves to protect the Board's stated interest in the principles of exclusive representation.
An employee organization has a legally recognizable interest in the requested relief, when, for example, the employees to which the complaint alleges harm are its members and no other organization exclusively represents its members for such purposes. In this case, even though no other employee organization apparently represents the physicians, the Board did not determine whether PBU was a proper complainant or whether its complaint presented a justiciable controversy. Instead, the Board found that PBU was not the exclusive bargaining agent for the bargaining unit comprised of the physicians.[33] *716 Therefore, the Board did not conduct the relevant inquiries as we have announced them today: (1) whether PBU was "an organization of any kind having as one of its purposes improvement of the terms and conditions of employment of local government employees"; and if so, (2) whether PBU presented a justiciable controversy, that is, whether it asserted an interest based on which it or any members had a right to relief. Accordingly, the district court improperly denied PBU's petition for judicial review.

CONCLUSION
The Board's requirement that a complainant be recognized, at the time the claims arose, as the exclusive bargaining agent for the bargaining unit to which the local government employees involved in the complaint belong, does not comply with statutes and codes governing standing before the Board. A complainant need only be an employee organization as defined in NRS 288.040 and present a justiciable controversy. Therefore, we reverse the district court's order denying judicial review, and we remand this case to the district court with instructions to remand the matter to the Board for it to determine whether PBU is an employee organization as defined in NRS 288.040 and whether PBU's complaint presents a justiciable controversy.
We concur: PARRAGUIRRE and DOUGLAS, JJ.
NOTES
[1] NRS 288.040.
[2] See NRS 288.170.
[3] Kay v. Nunez, 122 Nev. 1100, ___, 146 P.3d 801, 805 (2006).
[4] Grover C. Dils Med. Ctr. v. Menditto, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005).
[5] Menditto, 121 Nev. at 283, 112 P.3d at 1097; Silver State Elec. v. State, Dep't of Tax., 123 Nev. ___, ___, 157 P.3d 710, 713 (2007).
[6] Nevada Serv. Employees Union v. Orr, 121 Nev. 675, 678-79, 119 P.3d 1259, 1261 (2005) (citing NRS 233B. 135(3)).
[7] Valdez v. Employers Ins. Co. of Nev., 123 Nev. 21, ___, 162 P.3d 148, 151 (2007).
[8] Id.
[9] Id.
[10] Silver State Elec. v. State, Dep't of Tax., 123 Nev. ___, ___, 157 P.3d 710, 713 (2007).
[11] State, Tax Comm'n v. Nevada Cement Co., 117 Nev. 960, 968-69, 36 P.3d 418, 423 (2001).
[12] Although NRS 288.110(2) uses the word "may" to grant the Board authority to hear complaints, this court has interpreted NRS 288.110 as imposing a statutory duty to hear complaints. City of Henderson v. Kilgore, 122 Nev. 331, 336, 131 P.3d 11, 14 (2006).
[13] See NRS Chapter 288.
[14] Rosequist v. Int'l Ass'n of Firefighters, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002), abrogated on other grounds by Kilgore, 122 Nev. at 336 n. 10, 131 P.3d at 15 n. 10.
[15] See Valdez v. Employers Ins. Co. of Nev., 123 Nev. 21, ___, 162 P.3d 148, 151 (2007).
[16] Joint Hearing on S.B. 87 and A.B. 127 Before the Senate Comm. on Federal, State and Local Governments and the Assembly Comm. on Government Affairs, 55th Leg. (Nev., February 25, 1969).
[17] NAC 288.030 reads, in its entirety:

"Complainant" or "petitioner" means:
1. A local government employer as defined in NRS 288.060;
2. An employee organization as defined in NRS 288.040; or
3. A local government employee as defined in NRS 288.050.
[18] We have held that it is appropriate to look to the decisions of the National Labor Relations Board when interpreting NRS Chapter 288. Rosequist v. Int'l Ass'n of Firefighters, 118 Nev. 444, 449, 49 P.3d 651, 654 (2002), abrogated on other grounds by City of Henderson v. Kilgore, 122 Nev. 331, 336 n. 10, 131 P.3d 11, 15 n. 10 (2006).
[19] 29 U.S.C. § 152(5) (2002).
[20] Corell v. Teamsters Union Local No. 828, 934 F.Supp. 1124, 1128 (N.D.Iowa 1996).
[21] N.L.R.B. v. Sweetwater Hosp. Ass'n, 604 F.2d 454, 457 n. 5 (6th Cir.1979).
[22] East Chicago Rehabilitation Center v. N.L.R.B., 710 F.2d 397, 404 (7th Cir.1983).
[23] Corell, 934 F.Supp. at 1127-28.
[24] NRS 288.028.
[25] Compare NRS 288.270(1)(b) (prohibiting an employer from assisting in an employee organization's formation), with NRS 288.170(1) (requiring an employer to determine which group of employees constitute bargaining units).
[26] No. A1-045492, Item No. 300, at 7 (EMRB Jan. 19, 1993).
[27] Id.
[28] Id.
[29] Id.
[30] United Pub. Emp., Local 790, SEIU, AFL-CIO v. San Francisco Cmty. Coll. Dist., No. SF-CE-1114, Decision Nos. 688, 688a, and 688b (Cal. Public Employment Relations Board Dec. 20, 1989) (dismissing a union's charge that the local government employer failed to negotiate with it regarding a change to hiring policy because the employer had no duty to negotiate with that union since it was not the exclusive bargaining agent for the affected employees); Oak Lawn Prof'l Fire Fighters Ass'n v. Village of Oak Lawn, Nos. S-CA-90-143, S-CA-91-29 (Ill. State Labor Relations Board Feb. 27, 1991) (nonprecedential binding recommendation) (dismissing a claim that an employer failed to negotiate with an employee organization that was not the recognized exclusive bargaining agent for the affected employees); Eatontown Bd. of Educ. v. Eatontown Teachers Ass'n, Secretarial & Clerical Unit, No. CO-90-192, D.U.P. No. 91-5 (N.J. Public Employee-Employer Relations Commission Aug. 15, 1990) (holding that an employee organization could not charge an employer with failure to negotiate when those issues were non-negotiable managerial rights, or when the allegedly improperly transferred "unit work" was not traditionally the work of the unit the organization represented).
[31] NRS 288.150; NRS 288.027.
[32] Doe v. Bryan, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (examining the meaning of "justiciable controversy" in the context of a complaint for declaratory relief).
[33] Although the Board's order also indicated that PBU was without authority to act on behalf of the physicians, the Board failed to state any basis for this finding, and thus, because we are unable to determine the grounds on which the Board made this finding, we cannot sufficiently review this issue at this time. The Board is free to reconsider this matter on remand.