Albert B. **ULICHNY,** d/b/a **Hotpoint Service,** Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,** New York Telephone Company and the Reuben H. Donnelley Telephone Directory Company, **Defendants,**

v.

**ALGEN SUPPLY CORP.,** Additional Defendant on Counterclaim.

No. 69–CV–38.

United States District Court, N. D. New York.

Jan. 13, 1970.

Sullivan, Rehfuss & Cunningham, Albany, N. Y., for plaintiff, John W. Rehfuss, Albany, N. Y., of counsel.

Maynard, O'Connor & Smith, Schenectady, N. Y., Rogers, Hoge & Hills, for General Elec. Co., New York City, John A. Murray, Michael E. Catalinotto, Schenectady, N. Y., George M. Chapman, Mercer L. Stockell, New York City, of counsel.

Dugan, Casey, Burke & Lyons, Albany, N. Y., for New York Tel. Co., and The Reuben H. Donnelley Tel. Directory Co., Ernest P. Lyons, Albany, N. Y., of counsel.

JAMES T. FOLEY, District Judge.

## MEMORANDUM-DECISION and ORDER

This action has an unusual factual background that will be described herein. The action was instituted in the Supreme Court, Albany County. It was removed to this District Court by removal petition of the defendant, General Electric Company. Thereafter, the defendants, New York Telephone Company and The Reuben H. Donnelley Telephone Directory Company, filed a joint Answer to the complaint with two defenses therein. The defendant, General Electric Company, filed in this District Court an elaborate Answer and Counterclaim set forth in three defenses.

The New York Telephone Company as is well known is in the business of supplying telephone service in New York State, and The Reuben H. Donnelley Telephone Directory Company is its sales representative in obtaining listings and advertisements in the classified directories for the familiar yellow pages. According to the Answer of the General Electric, it is alleged upon information and belief that the plaintiff is the sole or primary stockholder of the Algen Supply Corp. sought to be added as a defendant on the counterclaim, and that plaintiff is President and Director of such company, acts for it and exercises absolute control over its activities.

There are three motions that will be discussed and decided in this decision. The plaintiff moves to remand the action to the State Court on the ground that the action is not within the jurisdiction of this Court, and for dismissal of the first defense and counterclaim of defendant, General Electric Company, or in the alternative in this regard to strike certain paragraphs from the first defense of the Answer and Counterclaim. Defendant, General Electric, cross-moves to dismiss the motion to remand and requests that jurisdiction of the action in its entirety be retained, or in the event remand is granted for an order severing the General Electric counterclaim so as to retain jurisdiction of it in this Court, and further to enjoin the plaintiff from continuing further proceedings in the State Court until final determination of the issues of the counterclaim in this federal Court. By third motion, defendant, General Electric, moves to make Algen Supply Corp. an additional defendant in the action in the counterclaim, pursuant to Federal Rules of Civil Procedure, 13(h), 19 and 20.

In the state court complaint, carefully drafted, the plaintiff alleges that on September 12, 1949, plaintiff duly filed a certificate of doing business under the assumed name of "Hotpoint Service" in the Albany County Clerk's office. It is alleged that for a great many years the plaintiff conducted an appliance service in the Albany area under this tradename and placed service advertisements in the Telephone Directory yellow pages each year for the servicing by him of various type appliances under the masthead and lettering of "Hotpoint". It is claimed and averred that General Electric not only acquiesced but assisted the plaintiff in the promotion of servicing appliances under this name. Prior to October 1968, the complaint states that General Electric arbitrarily and capriciously directed the defendants, Telephone Company and its sales representatives, to refuse to accept such listing and advertising as in the past that linked plaintiff with "Hotpoint Service". The gist of this State complaint is that this direction by General Electric violates plaintiff's rights and dissipates the good will generated over many years in the Hotpoint promotion he undertook. The specific relief demanded is a permanent injunction against refusal to accept the "Hotpoint Service" advertisements of plaintiff with direction such be accepted, and further that General Electric be restrained from interfering with the plaintiff using the name "Hotpoint Service".

■ This last phrase may be the only one in the State complaint that gives some intimation of the important fact that General Electric has had federally issued and registered in the United States Patent Office, consistently and currently, the trademark HOTPOINT. The question to be determined in the motion to remand is whether the State Court suit arises under federal law. In my judgment, despite the competent tightrope walking in the State Complaint, the heart of the suit has to relate to a nationally known and federally registered trademark as an integral issue involving federal law. It is difficult to appreciate any great consequential damage to the trademark by an individual listing and promotion of a name similar in the yellow pages of a telephone book but the merits can be of no concern at this stage. Settled law says it is the real nature of the state claim that must govern and not the characterization given by the plaintiff. (Pocahontas Terminal Corp. v. Portland Bldg. & Const. Trade Council (D.C.Me.) 93 F.Supp. 217, 225). In a leading case Judge Sylvester Ryan agreed that normally a court in arriving at a decision concerning the propriety of removal should not look outside the complaint to determine whether or not a suit arises under federal law, but emphasized that where federal jurisdiction hinges on a particular status the Court may do so. (Fay v. American Cystoscope Makers (S.D.N.Y.) 98 F.Supp. 278, 280; 1A Moore's Federal Practice, 2nd Ed., pgs. 474–475). To my mind that status of a federally registered trademark is evident and properly ascertainable here in the search for sufficient presence of a federal law basis that warranted removal. (Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70). There is an established superiority of federal registration rights with definite original jurisdiction in the District Courts of actions relating to trademarks and jurisdiction of other issues relating thereto. (See Dawn Donut Company v. Hart's Food Stores, Inc., 2 Cir., 267 F.2d 358, 362; John R. Thompson Co. v. Holloway, 5 Cir., 366 F.2d 108, 114–116; 15 U.S.C.A. 1051, et. seq.; 28 U.S.C.A. 1338(a) (b); Hazel Bishop, Inc. v. Perfemme, Inc., 2 Cir., 314 F.2d 399, 403, 5 A.L.R.3d 1031; Telechron, Inc. v. Parissi, 2 Cir., 197 F.2d 757).

■ The counterclaim of General Electric which the plaintiff seeks dismissed or certain paragraphs stricken is quite verbose. However, in my experience, such type pleading is seemingly the acceptable and familiar one in patent and trademark litigation. However, I detect nothing particularly harmful or prejudicial therein to the interest of the plaintiff that cannot be controlled satisfactorily by the trial judge.

■ The Algen Supply Corp., in my judgment, is sufficiently related to the activity and agreements involved on the issues to warrant under the pertinent rules its addition as a party defendant on the counterclaim.

To recapitulate and be explicit concerning the rulings herein; the motion of the plaintiff to remand, and to dismiss the first defense and counterclaim, or strike certain portions thereof, of the defendant, General Electric Company, is denied. The cross-motion of General Electric to deny the motion to remand is granted, and with this ruling it is unnecessary to decide the request to sever and retain only the counterclaim in this Court. The separate motion of General Electric for an order making Algen Supply Corp. an additional defendant on the counterclaim is granted.

It is so ordered.