**TOURAGENT INTERNATIONAL, INC.,
an Illinois corporation, Plaintiff,**

**v.**

**TRANS WORLD AIRLINES, INC., a foreign corporation, authorized to do business in Illinois, and Robert O. Bruemmer, Defendants.**

**No. 72 C 923.**

United States District Court,
N. D Illinois, E. D.

July 31, 1972.

Peter Fitzpatrick, Chicago, Ill., for plaintiff.

Patrick W. O'Brien and William M. Dickson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This is an action for service mark infringement and unfair competition originally filed in the Circuit Court of Cook County, Illinois. Defendants have petitioned for removal to this court and plaintiff has moved to remand to the circuit court. Defendants' motion is granted and plaintiff's motion is denied.

Defendants seek removal on the basis of 28 U.S.C. § 1441(b). That section provides for removal of any civil action of which the district courts have original jurisdiction, based upon a claim or right arising under the laws of the United States. Since the district courts of the United States have original jurisdiction of all actions arising under the federal trademark statutes under the provisions of 15 U.S.C. § 1121, the question is whether this is an unfair competition action based upon common law with a mere peripheral reference to the trademark statute, or a suit espousing two theories of recovery—infringement of a service mark protected by the trademark laws, and common law unfair competition. The Court reaches the latter conclusion.

It is clear from paragraph 15 of Count I and paragraph 4 of Count II of the complaint that plaintiff seeks to exercise its private right of recovery un-

552

der the federal trademark law. 15 U.S. C. §§ 1114–18. Plaintiff could have ignored its federal right and brought suit only for unfair competition, but once it chose both grounds it afforded defendants the right of removal. Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399, 402–03 (2d Cir. 1963); La Chemise Lacoste v. Alligator Co., 313 F.Supp. 915, 917–18 (D.Del.1970); Ulichny v. General Electric Co., 309 F.Supp. 437, 440 (N.D.N.Y.1970).

Defendants are directed to answer or otherwise respond to the complaint within thirty (30) days of the date of this opinion.

It is so ordered.