Eric WORTHAM, and Wortham
Development, Inc.,
Plaintiffs,

v.

K. KHAN, INC., Shakil Khan and
Kamran Khan, Defendants.

WORTHAM DEVELOPMENT,
INC., Plaintiff,

v.

K. KHAN, INC., Shakil Khan and
Kamran Khan, Defendants.

Nos. 4:96CV900–SNL, 4:96CV1357–SNL.

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 14, 1996.

Charles W. Bobinette, Uthoff and Graeber,
St. Louis, MO, for plaintiffs.

James M. Martin, Martin and Malec, St.
Louis, MO, for defendants.

### ORDER

LIMBAUGH, District Judge.

Each of these two cases involve similar issues and basically the same parties. In each case, plaintiffs have moved to remand to the State of Missouri court. It is appropriate, therefore, to consolidate these cases for the purpose of ruling on the motions to remand and the responses that have been filed by the defendants.

Plaintiffs allege that its trademark was registered with the Missouri Secretary of State and that trademark contained the

name "Pizza Chef Gourmet Pizza." It is claimed that "Pizza Chef Gourmet Pizza" has been continually used as the name and trademark to identify the business and food products made and sold by plaintiffs, and to distinguish the plaintiffs' business and products from goods made and sold by others.

On February 26, 1995 plaintiffs and defendants entered into an agreement whereby defendants had the authority to use certain rights that plaintiffs may have had to the "Pizza Chef" name and system.

A dispute has arisen between the parties concerning the extent to which defendants are entitled to use plaintiffs' alleged trademark name and the methodology for identifying business and food products made and sold by the defendants as well as the plaintiffs.

Plaintiffs are requesting injunctive relief, the right to replevin certain items of claimed property and damages for breach of contract.

Defendants have removed both cases to this court claiming, under the provisions of 28 U.S.C. § 1331 and 1338, that this court has jurisdiction. Defendants claim that the issues in this lawsuit will be governed by rulings of The Federal Trade Commission as well as the provisions of The Lanham Act.

Plaintiffs claim that the interpretation of the Missouri Trademark Act is involved only, and that no assertion is made in the petition in either case asserting any claim or violation of a United States law or administrative agency. Plaintiffs claim there is no federal question involved, and the matter should be resolved by the State of Missouri court.

Although there is some claim as to the possibility of the exercise of jurisdiction by this court because of diversity of citizenship, the main claim for removal is that there is an existence of a federal question, thereby vesting jurisdiction in this court. In the first case filed there are two plaintiffs, Eric Wortham and Wortham Development, Inc. Wortham Development, Inc. is a Missouri corporation and the defendant corporate entity is a Missouri corporation and the two defendant individuals are residents of Missouri. There is some question as to the legal status of the plaintiff corporate entity, and the residency

of Eric Wortham. Although the information now before the court while not rising to the level of sworn affidavits or testimony as usually contemplated by summary judgment motions is incomplete, it would appear that jurisdiction would not vest in this court because of the principles of diversity of citizenship. The principal issue before the court, then, as alluded to generally by the parties is whether or not a federal question is involved.

Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Applying the "well-pleaded complaint" doctrine, a plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law. If a plaintiff's action is properly brought under state law a defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to a plaintiff's state law claims. Nonetheless, a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared had the complaint been well pleaded. This exception is limited to federal statutes that so completely preempt a particular area that a civil complaint raising this select group of claims is necessarily federal. *M. Nahas and Co. v. First National Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991).

A case may not be heard in this court when the only federal question posed is raised by a defense argument, even if a plaintiff anticipated the defense argument, and even if both parties concede the federal question is the only real issue in the case. A plaintiff may even avoid federal court though certain federal questions may be implicit in plaintiff's claim. Again, however, a plaintiff may not dodge federal court and so engage in forum shopping by "artful pleading." *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993).

It appears to the court that in the two cases here the main dispute between the parties is a contractual one. Plaintiffs claim is that the principles of Missouri law govern

the contractual dispute and Missouri statutes and law govern possible Missouri Trademark Act violations. The petition in both cases has embraced remedies following plaintiffs' assertions.

On the other hand, defendants claim that the disputes ultimately will involve the Lanham Act and decisions of federal administrative agencies.

Applying the law as previously set out as to the facts of these cases, it would appear that as long as plaintiffs are only asserting State of Missouri law violations in the contractual dispute among the parties that it is entitled to choose the State of Missouri as its forum. The fact that defenses or certain issues might ultimately involve federal law does not entitle this court to assume jurisdiction. The court believes, therefore, that it is appropriate to sustain the motions to remand in each case.

The court is confident that the state judge who will handle these cases can determine, at a later date, if, in fact, the plaintiffs have been engaging in forum shopping by "artful pleading" and then entering appropriate sanctions.

There are numerous other issues before the court in each of these cases, but in view of the decision by this court to remand the case to the State of Missouri court, it would appear that that court is the appropriate forum for resolving further issues that have developed between the parties.

**IT IS THEREFORE ORDERED** that each of these cases is **REMANDED** to the Circuit Court of St. Louis County, Missouri for further proceedings in accordance with the foregoing findings.