ORDER REGARDING MOTIONS TO REMAND AND FOR TEMPORARY RESTRAINING ORDER
 

 BENNETT, District Judge.
 

 
 *676
 
 TABLE OF CONTENTS
 

 I. INTRODUCTION .........................................................676
 

 A Procedural Background.................................................676
 

 B. Factual Background....................................................677
 

 II. LEGAL ANALYSIS........................................................678
 

 A. Removal Jurisdiction....................................................678
 

 1. The statutory framework............................................678
 

 2. Principles of removal jurisdiction.....................................679
 

 B. Propriety Of Commercial Federal’s Removal....................:..........679
 

 C. Whether Plaintiffs Complaint “Arises Under” Federal Law.......■...........681
 

 D. Attorneys’ Fees And Costs ..............................................684
 

 E. Request For TRO......................................................684
 

 III. CONCLUSION............................................................684
 

 Plaintiffs Motion to Remand is controlled by the determination of two issues: First, did Plaintiff fraudulently join one Defendant in this case to defeat removal jurisdiction, and second, whether Plaintiffs state court petition “arises under” federal law. If the court determines either issue against Plaintiff, then it must deny the motion to remand.
 

 I. INTRODUCTION
 

 A. Procedural Background
 

 Plaintiff Commercial Savings Bank (“Commercial Savings”) filed its petition in this lawsuit on August 26, 1996, against Defendants Commercial Federal Bank (“Commercial Federal”) and Hawkeye Federal Savings Bank (“Hawkeye”) in Iowa District Court for Carroll County. Defendants removed plaintiffs petition on September 6, 1996. Commercial Savings is an Iowa state bank. Hawkeye is an Iowa state bank. Commercial Federal is a federal savings bank with its principal place of business in Omaha, Nebraska.
 

 Commercial Savings’ four-count petition alleges claims for common-law trademark infringement, injury to its reputation/dilution pursuant to Iowa Code § 548.113, and a declaratory judgment that any use by Defendants, within an eight-county area of central Iowa, of the word “Commercial,” either alone or in conjunction with other words or symbols, in connection with a bank or banking products constitutes trademark infringement and unfair competition with Commercial Savings.
 

 Commercial Savings’ claims center upon an alleged merger of Commercial Federal with Hawkeye, along with an attendant name change of Hawkeye to Commercial Federal. Commercial Savings asserts that Hawkeye’s name change to Commercial Federal will infringe upon Commercial Savings’ state common-law trademark “Commercial” and will cause it irreparable harm.
 

 The matter immediately pending before the court is Commercial Savings’ Motion to Remand, filed September 12, 1996. Commercial Savings has moved to remand this matter to state court, asserting that because Hawkeye is also a citizen of the State of Iowa, complete diversity does not exist between the parties. Commercial Savings further claims that Commercial Federal is not entitled to removal, because Commercial Savings’ causes of action against Defendants do not raise a federal question. Commercial Federal has filed a timely resistance to Commercial Savings’ motion, in which it asserts that Commercial Savings fraudulently joined Hawkeye in an attempt to defeat removal jurisdiction. Commercial Federal also contends that it is entitled to removal because Commercial Savings’ causes of action do “aris[e] under” federal law.
 

 Commercial Savings has requested a temporary restraining order (“TRO”), which would be in effect until this court determines the motion to remand. On September 16, 1996, the court set both the TRO and the motion to remand for an expedited hearing,
 
 *677
 
 and that hearing was held on September 23, 1996, in Sioux City, Iowa. At the hearing, Plaintiff Commercial Savings was represented by counsel Michael G. Voorhees and Jeffrey D. Harty of Zarley, McKee, Thomte, Voorhees & Sease, in Sioux City, Iowa. Defendant Commercial Federal was represented by John D. Mayne of Mayne & Mayne, in Sioux City, Iowa, and Bruce D. Vosburg of Fitzgerald, Schorr, Barmettler
 
 &
 
 Brennan, P.C., in Omaha, Nebraska.
 

 The reason for the court’s urgency in determining Commercial Savings’ Motion to Remand flows from the fact that Defendant Hawkeye’s shareholder meeting is set to take place on September 26, 1996, to approve a merger between Hawkeye and Commercial Federal. Therefore, in the event the motion is granted, only the entering of a prompt decision on the motion to remand by this court will enable the parties to seek injunctive relief in state court. Therefore, the court is moving with speed, but not with haste, to determine the motion to remand.
 

 B. Factual Background
 

 The factual background for this ease is drawn from the complaint, the affidavits, and the exhibits filed by the parties in support of their respective positions on the remand issue.
 
 [1]
 

 Commercial Savings is an Iowa state bank with its main office in Carroll, Iowa, and branch offices ■ in Lanesborro and Deham, Iowa.
 
 [2]
 
 Since it commenced operation in 1917, Commercial Savings has operated under its chartered name, “Commercial Savings Bank.” Commercial Savings currently offers and sells banking products and services to its customers throughout the Iowa counties of Audubon, Calhoun, Carroll, Crawford, Greene, Guthrie, Sac, and Shelby, under its trademark and service mark, “Commercial Savings Bank,” and under its service marks, “Commercial Savings” and “Commercial” (collectively “Commercial” or “Commercial Marks”). Commercial Savings’ use of the Commercial Marks was exclusive in the eight-county area until February of 1996.
 

 In August of 1995, Defendant Commercial Federal reached an agreement with Conservative Savings Bank, whereby Conservative Savings Bank would merge into Commercial Federal. The application for merger was filed with the United States Office of Thrift Supervision (“OTS”) in October of 1995, and approved in December of 1995. The merger was consummated on February 2, 1996. At that time, Conservative Savings Bank was merged into Commercial Federal, and Conservative Savings Bank ceased to exist. When the merger between Commercial Federal and Conservative Savings Bank occurred, Conservative Savings Bank’s branch offices, including the one located in Harlan, Iowa, changed their names to Commercial Federal.
 
 [3]
 
 At the time of the name change, Commercial Federal advertised the name change of the Harlan branch in the Harlan Tribune. The Harlan branch of Commercial Federal offers and sells banking products and services to its customers in Audubon, Carroll, Crawford, and Shelby counties in Iowa. Commercial Federal subsequently ad
 
 *678
 
 vertised in Audubon, Carroll, Crawford, and Shelby counties in Iowa.
 

 Since 1949, Commercial Savings has spent over $733,000 advertising under the Commercial Marks in the eight-county area. Commercial Savings has spent over $26,000 this year on advertising under the Commercial Marks. Currently, Commercial Savings has over 7,500 accounts for which it provides services.
 

 Defendant Hawkeye is a federal savings bank with its main office located in Boone, Iowa. Hawkeye also has branch offices in the cities of Carroll, Manning, Lake City, Madrid, and Ogden.
 
 [4]
 
 Hawkeye is currently in the process of merging with Defendant Commercial Federal. At the time Hawkeye merges with Commercial Federal, Hawkeye will cease to exist, and all of Hawkeye’s offices will change their names to Commercial Federal. The shareholders meeting of Hawkeye and its parent-holding company will take place on September 26,1996, for the purpose of approving the merger with Commercial Federal. Having introduced the factual background of the case, the court will commence its analysis of the motion to remand with a review of removal jurisdiction.
 
 [5]
 

 II. LEGAL ANALYSIS
 

 A. Removal Jurisdiction
 

 1. The statutory framework
 

 The grounds and procedures for removal of a state court proceeding to federal court and for remand to state court are stated in three statutes, 28 U.S.C. §§ 1441, 1446, and 1447.
 
 See, e.g., Liberty Mut. Ins. Co. v. Ward Trucking Corp.,
 
 48 F.3d 742, 745 (3d Cir.1995) (Congress has enacted “a comprehensive statutory scheme for the removal of state court actions to federal court” and for remand of such actions back to state court). The statute identifying removable actions, 28 U.S.C. § 1441, states in pertinent part:
 

 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
 

 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.
 
 Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 

 28 U.S.C. § 1441(a)-(b) (emphasis added).
 

 The procedure for removal is stated in 28 U.S.C. § 1446, which provides in pertinent part:
 

 
 *679
 
 (b) The notice of removal of a civil action or proceeding shall be filed -within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
 

 28 U.S.C. § 1446(b). After filing, a matter that was not initially removable may become removable, and the statute provides for such removal as follows:
 

 If the case stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the ease is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than 1 year after commencement of the action.
 

 28 U.S.C. § 1446(b).
 

 The procedure and grounds for a challenge to removal are stated in 28 U.S.C. § 1447:
 

 (c) A motion to remand the case
 
 on the basis of any defect in removal procedure
 
 must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded____
 

 28 U.S.C. § 1447(c).
 

 Commercial Savings, a citizen of the state of Iowa, has moved to remand this matter to state court, asserting that because Hawkeye is also a citizen of the State of Iowa, complete diversity does not exist between the parties. 28 U.S.C. § 1332. Commercial Savings further asserts that Commercial Federal is not entitled to removal, because Commercial Savings’ causes of action against Defendants do not raise a federal question. Before examining these specific issues, the court will briefly examine the principles of removal jurisdiction.
 

 2. Principles of removal jurisdiction
 

 This court has previously considered the key principles involved in a determination of the propriety of removal jurisdiction.
 
 See Corell v. Teamsters Union Local No. 828,
 
 934 F.Supp. 1124, 1126-27 (N.D.Iowa 1996);
 
 Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Amoco Oil Co.,
 
 883 F.Supp. 403, 407-08 (N.D.Iowa 1995);
 
 Iowa Lamb Corp. v. Kalene Indus., Inc.,
 
 871 F.Supp. 1149, 1152-57 (N.D.Iowa 1994). Therefore, it is sufficient here to summarize those principles as follows: 1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; 2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; 3) lack of subject matter jurisdiction requires remand to the state court under the terms of § 1447(c); 4) the court’s removal jurisdiction must be strictly construed; therefore, 5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, 6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus.
 
 Corell,
 
 934 F.Supp. at 1126-27;
 
 Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.,
 
 883 F.Supp. at 407-08;
 
 Iowa Lamb Corp.,
 
 871 F.Supp. at 1154.
 

 With these standards in mind, the court turns to the consideration of whether Commercial Savings’ petition was removable to federal court under 28 U.S.C. § 1441(a).
 

 B. Propriety Of Commercial Federal’s Removal
 

 A defendant may remove a state court proceeding to federal court under 28 U.S.C. § 1441(a) if the federal court could have entertained the suit originally. To exercise original jurisdiction over a civil action concerned solely with state-law claims, the civil action must be between citizens of different states. See 28 U.S.C. § 1332(a)(1).
 
 *680
 
 Furthermore, the Supreme Court of the United States interprets § 1332(a)(1) to require complete diversity between opposing parties — no individual plaintiff and defendant may share the same state citizenship — before subject-matter jurisdiction vests with the federal district court.
 
 See Strawbridge v. Curtiss, 7
 
 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because of the complete diversity requirement, a plaintiff may prevent removal simply by joining to the suit a defendant sharing the same state citizenship. However, the filing of a frivolous or otherwise illegitimate claim against a nondiverse defendant solely to prevent removal is ' a “fraudulent joinder,” and courts may disregard the citizenship of fraudulently joined defendants when assessing whether complete diversity exists.
 

 Here, it is alleged that Commercial Savings was a citizen of the State of Iowa at the time the suit was filed and removed, while Defendant Hawkeye was also a citizen of the State of Iowa. Defendant Commercial Federal was alleged to be a citizen of the State of Nebraska. Therefore, diversity of citizenship did not exist between the parties pursuant to 28 U.S.C. § 1332(a)(1). Commercial Federal, however, claims that Commercial Savings fraudulently joined Hawkeye in an attempt to defeat removal jurisdiction. The court cannot exercise diversity jurisdiction here unless it disregards the citizenship of Hawkeye for purposes of determining diversity jurisdiction. As noted above, Commercial Federal argues that Hawkeye was fraudulently joined for the purpose of destroying diversity jurisdiction and should be disregarded as a party defendant.
 

 Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant.
 
 See Anderson v. Home Ins. Co.,
 
 724 F.2d 82, 84 (8th Cir.1983);
 
 see also Tapscott v. MS Dealer Serv. Corp.,
 
 77 F.3d 1353, 1359 (11th Cir.1996);
 
 Cabalceta v. Standard Fruit Co.,
 
 883 F.2d 1553, 1561 (11th Cir. 1989);
 
 Dodd v. Fawcett Publications, Inc.,
 
 329 F.2d 82, 85 (10th Cir.1964). Fraudulent joinder exists where a non-diverse party is added solely to deprive the court of jurisdiction.
 
 See Anderson,
 
 724 F.2d at 84;
 
 see also Roe v. General American Life Ins. Co.,
 
 712 F.2d 450, 452 (10th Cir.1983);
 
 Tedder v. FMC Corp.,
 
 590 F.2d 115, 117 (5th Cir.1979);
 
 Dodd,
 
 329 F.2d at 85. If a defendant has been fraudulently joined, that defendant’s presence must be disregarded by the court when determining the existence of diversity jurisdiction.
 
 Corriere v. Sears, Roebuck & Co.,
 
 893 F.2d 98, 101-02 (5th Cir.),
 
 cert. denied,
 
 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990);
 
 Alcom Elec. Exch., Inc. v. Burgess,
 
 849 F.2d 964, 969 (5th Cir.1988). If there is a reasonable basis for asserting that state law might impose liability on the resident defendant under the facts alleged, then the joinder is not fraudulent and will prevent removal.
 
 Burden v. General Dynamics Corp.,
 
 60 F.3d 213, 216 (5th Cir.1995);
 
 Anderson,
 
 724 F.2d at 84;
 
 see also Corriere,
 
 893 F.2d at 100;
 
 Roe,
 
 712 F.2d at 452;
 
 Tedder,
 
 590 F.2d at 117.
 

 The heavy burden of proving fraudulent joinder rests on the defendant invoking the court’s removal jurisdiction, and all doubts should be resolved in favor of remand.
 
 See In re Business Men’s Assurance Co. of Am.,
 
 992 F.2d 181, 183 (8th Cir.1993);
 
 Carriere,
 
 893 F.2d at 100;
 
 Banbury v. Omnitrition Int’l, Inc.,
 
 818 F.Supp. 276, 279 (D.Minn. 1993);
 
 see also Burden,
 
 60 F.3d at 216;
 
 Cavallini v. State Farm Mut. Auto Ins. Co., 44
 
 F.3d 256, 259 (5th Cir.1995);
 
 LeJeune v. Shell Oil Co.,
 
 950 F.2d 267 (5th Cir.1992);
 
 Laughlin v. Prudential Ins. Co.,
 
 882 F.2d 187, 190 (5th Cir.1989);
 
 Coker v. Amoco Oil Co.,
 
 709 F.2d 1433, 1440 (11th Cir.1983);
 
 Green v. Amerada Hess Corp.,
 
 707 F.2d 201, 205 (5th Cir.1983),
 
 cert. denied,
 
 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984);
 
 Tedder,
 
 590 F.2d at 117;
 
 Wheeler v. Frito-Lay, Inc.,
 
 743 F.Supp. 483, 485 (S.D.Mss. 1990).
 

 Because no one disputes that Commercial Savings and Hawkeye are citizens of Iowa, the court’s sole concern is whether there is a possibility that Commercial Savings has set forth a valid cause of action against Hawkeye. As noted above, the court evaluates all of the factual allegations in Commercial Savings’ state court pleadings in the light most favorable to it, resolving all
 
 *681
 
 contested issues of substantive fact in favor of remand.
 

 In its state court petition, Commercial Savings asserts that it has operated since 1917 in an eight-county area of Iowa under its Commercial Marks. Commercial Savings claims exclusive use of the Commercial Marks in the eight Iowa counties and that it had a common-law trademark prior to Commercial Federal’s registration or use of its Commercial Federal Bank mark. Commercial Savings further asserts that Hawkeye is in the process of being purchased by Commercial Federal, and that upon completion of the purchase, Hawkeye will change its name to Commercial Federal, thereby creating a substantial likelihood of confusion among consumers. Such allegations clearly set forth a valid claim of common-law trademark infringement.
 
 See generally First Bank v. First Bank Sys., Inc.,
 
 84 F.3d 1040, 1044 (8th Cir.1996).
 

 Commercial Federal does not dispute that such assertions state a valid claim. Rather, Commercial Federal asserts that because Hawkeye will be merged into it, it will cease to exist at the time of the name change. On this basis, Commercial Federal asserts that naming Hawkeye as a defendant in this case was fraudulent. Assuming that Hawkeye will actually cease to be a separate entity after the merger, the flaw in this assertion is that Commercial Savings alleges in its petition that Hawkeye is acting in concert before the merger takes place to bring about the infringing act. Furthermore, Commercial Savings is requesting injunctive relief in state court to prevent the name change before it transpires. In the petition, Hawkeye is clearly alleged to be a moving party whose actions, if carried through to fruition, will result in infringement of the Commercial Marks. From this the court concludes that Commercial Federal has failed to meet its heavy burden of establishing that Commercial Savings’ joinder of Hawkeye was fraudulent. Therefore, the court concludes that Hawkeye was not fraudulently joined in this lawsuit.
 

 C. Whether Plaintiff’s Complaint “Arises Under” Federal Law
 

 Commercial Federal next contends that removal is proper, because Commercial Savings’ right to relief on its state-law claims raises and depends upon the construction of applicable federal trademark law.' Specifically, Commercial Federal argues that to obtain relief, Commercial Savings must avoid Commercial Federal’s federal trademark registration for the mark “Commercial Federal,” and whether or not an exception to Commercial Federal’s federal trademark protection exists depends upon a determination of the existence of secondary meaning and exclusive and continuous use since before the federal registration was granted. Commercial Federal contends these issues, factual and legal, depend upon federal law. Commercial Federal relies on
 
 Ulichny v. General Electric Co.,
 
 309 F.Supp. 437 (N.D.N.Y.1970), for the proposition that Commercial Savings’ claim arises under federal law. In
 
 Ulichny,
 
 the district court retained removal jurisdiction of a state-law trademark claim, reasoning as follows:
 

 In my judgment, despite the competent tightrope walking in the State Complaint, the heart of the suit has to relate to a nationally known and federally registered trademark as an integral issue involving federal law____ To my mind th[e] status of a federal registered trademark is evident and properly ascertainable here in the search for sufficient presence of a federal law basis that warranted removal. There is an established superiority of federal registration rights with definite original jurisdiction in the District Courts of actions relating to trademarks and jurisdiction of other issues relating thereto.
 

 Ulichny,
 
 309 F.Supp. at 440 (citations omitted). Based on this decision, Commercial Federal asserts that the “real nature” of Commercial Savings’ claim should govern, and that “real nature” of the claim depends upon controlling principles of federal law and the applicability of an exception under federal law otherwise provides protection to federally registered trademarks.
 

 However, the court finds that the nature of Commercial Savings’ claim is not on its face one of federal law, nor is it one that necessarily depends on resolution of a substantial
 
 *682
 
 question of federal law. The Ninth Circuit Court of Appeals recently considered the test for what claims “aris[e] under” federal trademark law, such that they form the basis for federal removal jurisdiction under 28 U.S.C. § 1441 and 28 U.S.C. § 1338, in
 
 Duncan v. Stuetzle,
 
 76 F.3d 1480 (9th Cir.1996), a case cited by neither party here. The Ninth Circuit Court of Appeals found that the appropriate test of federal removal jurisdiction was a two-pronged test articulated in
 
 Christianson v. Colt Indus. Operating Corp.,
 
 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).
 
 See Duncan,
 
 76 F.3d at 1486.
 

 Under that test (as applied to this ease), federal jurisdiction extends
 

 only to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims.
 

 Christianson,
 
 486 U.S. at 808-09,108 S.Ct. at 2174 (1988) (citations omitted).
 

 Duncan,
 
 76 F.3d at 1486.
 

 The Ninth Circuit Court of Appeals concluded that the first prong of this test was not met where the plaintiffs state-law complaint did not cite any federal statutes, rules, regulations, or cases, and did not expressly seek any of the broad remedies available under the Lanham Act.
 
 Id.
 
 Thus, no federal trademark claim was stated on the face of the complaint.
 
 Id.
 
 Rejection of removal jurisdiction on the first prong of the test stated in
 
 Duncan
 
 and
 
 Christianson
 
 is in accord with well-established principles of removal jurisdiction. In determining whether federal jurisdiction exists, allowing removal of a matter filed in state court, “[i]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.”
 
 United Farm Bureau Mut. Ins. Co., Inc. v. Metropolitan Human Relations Comm’n,
 
 24 F.3d 1008, 1014 (7th Cir.1994) (quoting
 
 In re Carter,
 
 618 F.2d 1093, 1101 (5th Cir.1980),
 
 cert. denied,
 
 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), and also citing
 
 Pullman Co. v. Jenkins,
 
 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49, 83 L.Ed. 334 (1939));
 
 Van Meter v. State Farm Fire & Cas. Co.,
 
 1 F.3d 445, 450 (6th Cir.1993) (“Courts, including this one, have interpreted [§ 1447(c) ] as necessarily tied to a temporal reference point, namely, the time of removal.”);
 
 Gould v. Mut. Life Ins. Co. of New York,
 
 790 F.2d 769, 773 (9th Cir.) (“Federal courts look only to a plaintiffs pleadings to determine removability.”),
 
 cert. denied,
 
 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). A party may also avoid federal court jurisdiction by relying exclusively on state law.
 
 M. Nahas & Co. v. First Nat’l Bank of Hot Springs,
 
 930 F.2d 608, 611 (8th Cir. 1991). Thus, injection of federal questions in a defense or counterclaim does not necessarily create the requisite federal ground for removal to federal court.
 
 See, e.g., Iowa Lamb Corp. v. Kalene Indus., Inc.,
 
 871 F.Supp. 1149, 1156 (N.D.Iowa 1994) (rejecting counterclaims as basis for removal jurisdiction).
 

 In the case presently before this court, the face of the complaint does not state a federal claim either. Thus, under
 
 Duncan,
 
 as well as under general principles of removal jurisdiction, the complaint is not removable, at least in the first instance.
 
 See, e.g., Duncan,
 
 76 F.3d at 1486 (removal is not proper under the first prong of the
 
 Christianson
 
 test where no federal claim is stated on the face of the complaint);
 
 United Farm Bureau Mut. Ins. Co., Inc.,
 
 24 F.3d at 1014 (“[i]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.”);
 
 see also R.G. Barry Corp. v. Mushroom Makers, Inc.,
 
 612 F.2d 651, 658 (2d Cir.1979) (where plaintiff “endeavored carefully to avoid stating a cause of action cognizable under federal law” and “assiduously avoid[ed] any allegation or claim of confusion, trademark infringement, or unfair competition,” even though such claims were cognizable under the Lanham Act, “the complaint [was] carefully drafted to cover only those elements of a state action for dilution” and “therefore fail[ed] to state a claim under
 
 *683
 
 the Lanham Act, and d[id] not give rise to a federal question within the original jurisdiction of the district court”).
 

 Turning to the second prong of the test stated in
 
 Christianson,
 
 the Ninth Circuit Court of Appeals in
 
 Duncan
 
 rejected arguments that the state-law trademark, trade secrets, and unfair competition claims “necessarily depend[ed] upon resolution of a substantial question of federal law,” because each of the plaintiffs stated claims was supported by at least one state-law theory of recovery not dependent upon the Lanham Act.
 
 Duncan,
 
 76 F.3d at 1486-90. Commercial Federal argues, however, that Commercial Savings’ state-law claims necessarily depend upon resolution of a substantial question of federal trademark law,
 
 i.e.,
 
 whether Commercial Savings’ common-law trademark claim falls within an exception to Commercial Federal’s federal trademark protection. However, the court concludes that federal trademark law is
 
 not
 
 “a necessary element of one of the well-pleaded claims” in this litigation.
 
 Duncan,
 
 76 F.3d at 1486.
 

 First, although the case upon which Commercial Federal relies,
 
 Ulichny,
 
 309 F.Supp. at 440, has not itself been directly overruled, it has been seriously called into question. In
 
 La Chemise Lacoste v. Alligator Co., Inc.,
 
 506 F.2d 339 (3d Cir.1974),
 
 cert. denied,
 
 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), the district court had relied upon
 
 Ulichny
 
 in denying a motion to remand.
 
 La Chemise Lacoste,
 
 506 F.2d at 345. The Third Circuit Court of Appeals was unimpressed by the lower court’s and Ulichny’s reasoning:
 

 [A]ppellee argues on the basis of
 
 Ulichny, supra,
 
 that defendant’s status as an owner of federally registered trademarks is one which the court may ascertain independently of the complaint, to arrive at the conclusion that the Lacoste complaint raised a federal question. We reject this argument and the rationale of
 
 Ulichny.
 
 The brute fact is that defendant’s status as a federal trademark owner is a matter for defense, and, under the
 
 Tennessee [v. Union & Planters’ Bank,
 
 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894)
 
 ]-Gully [v. First Nat. Bank in Meridian,
 
 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ] principle, one-wholly inappropriate to the federal question determinations.
 
 See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,
 
 339 U.S. 667, 673-74, 70 S.Ct. 876 [879-80] 94 L.Ed. 1194 (1950).
 

 La Chemise Lacoste,
 
 506 F.2d at 345. A district court of this circuit has also rejected the reasoning of
 
 Ulichny
 
 that federal question jurisdiction is present in cases in which federal law preempts the state law under which the cause of action arises, in favor of the principle that “federal preemption may offer a valid defense to a state law claim, but preemption does not convert a state law claim to which preemption is a defense into a claim arising under federal law.”
 
 Marquette Nat’l Bank of Minneapolis v. First Nat’l Bank of Omaha,
 
 422 F.Supp. 1346, 1352 (D.Minn.1976) (specifically citing
 
 Ulichny
 
 as standing for the rejected principle).
 

 More recent decisions are in accord with the rejection of the rationale for federal removal jurisdiction stated in
 
 Ulichny. See, e.g., Wortham v. K. Khan, Inc.,
 
 932 F.Supp. 1176, 1177 (E.D.Mo.1996) (removal to federal court of an action for state-law contractual issues and state-law trademark issues was not warranted, even though the court recognized that the disputes might ultimately have involved the Lanham Act and decisions of federal administrative agencies; although a plaintiff may not “dodge federal court” by “artful pleading,” “[a] case may not be heard in this court when the only federal question posed is raised by a defense argument, even if a plaintiff anticipated the defense argument, and even if both parties concede the federal question is the only real issue in the case”);
 
 1st Nat’l Reserve, L.C. v. Vaughan,
 
 931 F.Supp. 463 (E.D.Tex.1996) (simply because a cause of action might be preempted by federal trademark law is generally not enough to cause federal removal jurisdiction to attach, because a claim of preemption is instead treated as a defense and is and can be addressed by the state court; the court applied a test similar to that stated in
 
 Duncan
 
 and
 
 Christianson,
 
 relying on
 
 Peters v. Union Pacific R.R. Co.,
 
 80 F.3d 257, 260 (8th Cir.1996), which also requires a showing that the cause of action arises under federal law, or that the right to relief necessarily depends
 
 *684
 
 on the resolution of a substantial question of federal law);
 
 Emerson Power Transmission Corp. v. Roller Bearing Co. of Am., Inc.,
 
 922 F.Supp. 1306 (N.D.Ind.1996) (the mere fact that the plaintiffs complaint implicates an issue related to a federally protected trademark does not dictate that removal is proper; the Lanham Act generally does not preempt state regulation of trademarks, whether the state elaims are statutory or common law, nor does assertion of a defense of federal preemption create a federal question for purposes of removal);
 
 Passalacqua Corp. v. Restaurant Management II, Inc.,
 
 885 F.Supp. 154 (E.D.Mich.1995) (federal preemption under the Lanham Act is an affirmative defense and does not give rise to removal jurisdiction, but remains a matter for the state court to decide; furthermore, federal trademark law does not encompass every state common-law action for unfair competition);
 
 Hamilton v. Hertz Corp.,
 
 607 F.Supp. 1371 (S.D.N.Y.1985) (simply because federal trademark law is implicated in a case does not signify that removal jurisdiction is appropriate).
 

 The court finds that federal trademark law, even the exception to federal trademark protection Commercial Federal asserts Commercial Savings must prove to recover on its claim, simply is not an element of Commercial Savings’ common-law claim.
 
 Duncan,
 
 76 F.3d at 1486 (under
 
 Christianson,
 
 486 U.S. at 808-09, 108 S.Ct. at 2173-74, a claim does not necessarily depend upon federal law unless federal law is a necessary element of one of the well-pleaded claims). Here, the elements of Commercial Savings’ claim, as explained above, are existence of a common-law trademark prior to the defendant’s federal registration or use of its own trademark, proof that the marks are similar enough to create a substantial likelihood of confusion among consumers, and a demonstration that the court’s exercise of equitable power is appropriate.
 
 First Bank,
 
 84 F.3d at 1044. Whether Commercial Federal has obtained federal trademark protection as the result of its federal registration, and whether or not Commercial Savings has demonstrated an exception to the protection federal registration would otherwise give Commercial Federal, are affirmative defenses that cannot establish removal jurisdiction.
 
 See, e.g., La Chemise Lacoste,
 
 506 F.2d at 345 (“The brute fact is that defendant’s status as a federal trademark owner is a matter for defense [that is] wholly inappropriate to the federal question determinations.’’);
 
 Wortham,
 
 932 F.Supp. at 1177 (even if a federal-law defense poses the only contested issue, it is not a proper basis for removal jurisdiction). Thus, Commercial Federal’s assertion of defenses of federal trademark protection and the necessity that Commercial Savings prove an exception to that protection do not establish bases for removal jurisdiction in this case.
 

 D. Attorneys’ Fees And Costs
 

 Finally, in its motion to remand, Commercial Savings requests that the court award it attorneys’ fees and costs, because the case was improvidently removed to federal court. In the Judicial Improvements and Access to Justice Act of 1988, Congress greatly expanded the discretion afforded to federal district courts to award costs and attorneys’ fees pursuant to 28 U.S.C. §§ 1446 and 1447 where an action has been improperly removed to a federal court. The amended version of § 1447(e) provides in part that: “An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.” In this action, the court believes that each of Commercial Federal’s arguments was reasonable. Thus, the court finds that Commercial Savings’ request for attorney’s fees and costs is denied.
 

 E. Request For TRO
 

 Commercial Savings also moved for a TRO during the pendency of its motion to remand. Because the court has now ruled on the motion to remand, Commercial Savings’ motion for a TRO is denied as moot.
 

 Ill CONCLUSION
 

 Having found that complete diversity of citizenship does not exist in this case and that Defendant Hawkeye was not fraudulently joined, and finding further that Plaintiff Commercial Savings’ claims do not arise under federal law, Plaintiff Commercial Savings’ Motion to Remand is GRANTED.
 
 *685
 
 However, because the court believes that each of Commercial Federal’s arguments was reasonable, the court finds that Commercial Savings’ request for attorney’s fees and costs is DENIED. The court also concludes that because it has now ruled on the motion to remand, Plaintiff Commercial Savings’ motion for a TRO is DENIED. As this case was improperly removed to federal court, it is ordered remanded pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the Iowa District Court for Carroll County.
 

 IT IS SO ORDERED.
 

 [1]
 

 . It is a well-established principle that a defendant seeking removal is entitled to present facts to show fraudulent joinder.
 
 See Fowler v. Safeco Ins. Co. of America,
 
 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.”);
 
 Cabalceta v. Standard Fruit Co.,
 
 883 F.2d 1553, 1561 (11th Cir.1989) (holding that in addressing the issue of fraudulent joinder, the district court can consider any submitted affidavits and/or deposition transcripts.);
 
 Coker v. Amoco Oil Co.,
 
 709 F.2d 1433, 1440 (11th Cir.1983) ("Both parties may submit affidavits and deposition transcripts.”);
 
 Howard Griggs Trucking, Inc. v. American Central Ins. Co.,
 
 894 F.Supp. 1503, 1508 n. 10 (M.D.Ala. 1995) ("[wjhen a removing defendant claims that a non-diverse defendant has been fraudulently joined to preclude federal subject matter jurisdiction, the parties may submit, and the court may consider, [both] affidavits and deposition excerpts in support of and in opposition to a motion to remand.”);
 
 Lott v. Metropolitan Life Ins. Co.,
 
 849 F.Supp. 1451, 1452 (M.D.Ala.1993) ("A defendant may submit affidavits, depositions, or other evidence to support removal.”);
 
 Lane v. Champion Int’l Corp.,
 
 827 F.Supp. 701, 706 (S.D.Ala.1993) ("Both parties may submit affidavits and/or deposition transcripts on a motion to remand.”).
 

 [2]
 

 . The court takes judicial notice of the fact that the cities of Carroll, Dedham, and Lanesborro are all located in Carroll County, Iowa.
 

 [3]
 

 . The court takes judicial notice of the fact that the city of Harlan is located in Shelby County, Iowa.
 

 [4]
 

 . The court takes judicial notice of the fact that the cities of Boone, Madrid, and Ogden are all located in Boone County, Iowa. The court further takes notice that the city of Lake City is located in Calhoun County, Iowa.
 

 [5]
 

 . The federal district courts have always been courts of limited jurisdiction.
 
 See
 
 U.S. Const., Art. Ill, § 1. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.”
 
 Marine Equip. Management Co. v. United States,
 
 4 F.3d 643, 646 (8th Cir. 1993) (citing
 
 Bender v. Williamsport Area Sch. Dist.,
 
 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501,
 
 reh’g denied,
 
 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986), citing in turn
 
 Marbury v. Madison,
 
 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803));
 
 see also Neighborhood Transp. Network, Inc.
 
 v.
 
 Pena,
 
 42 F.3d 1169 (8th Cir. 1994) (federal court jurisdiction limited by Artiele III of the Constitution). A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case.
 
 Bradley v. Am. Postal Workers Union, AFL-CIO,
 
 962 F.2d 800, 802 n. 3 (8th Cir.1992) (citing
 
 Sanders, infra); Thomas v. Basham,
 
 931 F.2d 521, 523 (8th Cir. 1991);
 
 Jader v. Principal Mut. Life Ins. Co.,
 
 925 F.2d 1075, 1077 (8th Cir.1991);
 
 Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n,
 
 893 F.2d 968, 969 (8th Cir.1990);
 
 Sanders v. Clemco Indus.,
 
 823 F.2d 214, 216 (8th Cir.1987). "Jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute."
 
 Hurt v. Dow Chem. Co.,
 
 963 F.2d 1142, 1145 (8th Cir.1992);
 
 Continental Cablevision v. United States Postal Serv.,
 
 945 F.2d 1434, 1435 (8th Cir. 1991). If one of the statutory requirements is not met, the district court has no jurisdiction.
 
 Hurt,
 
 963 F.2d at 1145.